COMMONWEALTH *v.* MINA BURSCHULZ, ET AL.

**Criminal Law—Intoxicating Liquors—Indictment.**
>    In charging a sale or gift of spirituous and vinous liquors to intoxicated persons, it is necessary to name the persons.

**Indictment.**
>    In charging a sale of liquors to minors, such minors must be named and it must be averred that the sale was made without the special written direction of the father or guardian of such minor.

APPEAL FROM HANCOCK CIRCUIT COURT.

June 8, 1875.

OPINION BY JUDGE COFER:

The indictment in this case does not sufficiently charge a breach of the coffee house bond on which it is based.

The particular facts should have been stated, as that the defendant, Burschulz, sold or gave spirituous and vinous liquors to named persons, who were at the time intoxicated and acting in a disorderly way. A charge that she so sold or gave liquors to persons not named is too general, and would not enable the defendant to pre-

pare for an intelligent defense, or to plead a judgment on the indictment in bar of a subsequent prosecution.

The charge that she sold spirituous and vinous liquors to minors, is defective for the same, and for the additional reason that it is not charged that such selling was without the special written direction of the father or guardian of such minor.

There is no law forbidding or prescribing the manner or conditions upon which such liquors may be sold to free negroes; and consequently no degree of particularity could have made the attempted charge of a breach in that regard good.

The indictment is also fatally defective in failing to charge that the alleged selling and giving to persons who were drunk and disorderly, and to minors, was in the defendant's coffee house or on the premises thereof.

Judgment *affirmed*.

*John Rodman, for appellant. Murray & Powers, for appellees.*